# SETH GINSBERG
ATTORNEY AT LAW

November 16, 2013

Honorable John F. Keenan
United States District Judge
500 Pearl Street, Room 1930
New York, New York 10007

**Re:**   *United States v. Fama*, **13-CR-234 (JFK)**

Dear Judge Keenan:

      In light of information that has not previously been presented to the Court, we respectfully request that the Court reconsider its decision ordering Fama's pretrial detention. In particular, we request that the Court consider (1) critical testimony of cooperating witness Joseph D'Angelo, and (2) information provided by Salvatore Gravano, a cooperating witness who the government acknowledges orchestrated the charged murder. Together the proffered evidence establishes that the government cannot prove a material element of the charged offense—namely, that Fama had knowledge that Edward Garofalo was murdered in an effort to obstruct justice.

      At the conference held on May 20, 2013, the Court directed the government to respond to Fama's application for release on bail and, in particular, to address Fama's argument concerning the weakness of the government's case.

      In support of its opposition, the government highlighted the testimony of cooperating witness Joseph D'Angelo in *United States v. Boyle*, 08-CR-523 (CM), to demonstrate that the Garofalo murder was committed in an effort to obstruct justice:

> Q:  And did Sammy tell you why you were going to kill Eddie Garafola?
>
> A:  He said he got out of jail a little early. Eddie went to jail a little, for a short time. And he got out a little early. And people were questioning if he cooperated to get out of jail early. And he, also, he was a big schemer. He was in the construction business. So sometimes he was supposed to pay money, he never paid it. Or held back some money. So those were the reasons.

*Boyle* Tr. 1099.

299 BROADWAY, SUITE 1405, NEW YORK, NEW YORK  10007     TELEPHONE  212-537-9202     FAX 646.607.8597     SRGINSBERG@MAC.COM

Honorable John F. Keenan
November 16, 2013
Page 2 of 3

      As we pointed out in our response to the government's opposition, D'Angelo's testimony in *Boyle*, which occurred in 2010, is in stark contrast to his testimony at previous trials in which he stated that Salvatore Gravano—a cooperating witness who has admitted that he orchestrated the Garofalo murder—told D'Angelo that they were going to murder their associate Garofalo themselves because another criminal group intended to kill him.  In addition, even if deemed credible, D'Angelo's testimony in *Boyle* does not establish that Fama knew the motive for the murder.

      Since the time of our last submission, however, we have discovered additional testimony from D'Angelo that is directly on point and squarely refutes the government's contention that the participants in the murder had any advance knowledge of Gravano's motive:

> Q. Now, when Mr. Gravano asked you to participate in that murder of Garafola, did he tell you why he wanted Mr. Garafola killed?
>
> A. Yes.
>
> Q. And I think you told us on direct examination that part of the reason had to do with Mr. Garafola and members of the Colombo crime family, right?
>
> A. Yes.
>
> Q. **Did he also tell you that he wanted him killed because he believed that Ed Garafola might cooperate with law enforcement**?
>
> A. **No.  He didn't tell me that**.
>
> Q. **Did he ever tell you that he was suspicious that Ed Garafola was in fact a cooperator**?
>
> A. **No.  He never said that to me**.
>
> Q. **I am sorry**?
>
> A. **He never said that to me**.
>
> Q. To your knowledge, did he ever say it to anybody else that you are aware of?
>
> A. Later on after the murder, I heard rumors that another reason why he got killed was he got out a little early from jail.  He got a furlough while he was in jail so it was a little. suspicious.

Honorable John F. Keenan
November 16, 2013
Page 3 of 3

>   Q.   Sammy Gravano in particular would have been suspicious of Ed Garafola because Sammy Gravano was an individual who engaged in criminal activity that Ed Garafola was aware of, right?
>
>   A.   I don't know if that would make him suspicious. Just committing crimes together wouldn't make him suspicious.

*United States v. Gotti*, 05-CR-327 (SAS), August 22, 2006, Tr. 1334-35 (emphasis supplied).

D'Angelo's *Boyle* testimony simply cannot be reconciled with his previous testimony in *Gotti*, which is clear and unequivocal with respect to the fact that Gavano *never* told him that he suspected Garofalo of cooperating and that only after-the-fact did D'Angelo hear rumors that Garofalo had been cooperating. Thus, we submit that D'Agnelo's testimony is sufficient in itself to warrant reconsideration of the Court's prior decision.

In addition to the discovery of D'Angelo's testimony, since our last submission, we have also had the opportunity to interview Gravano.[1] Gravano is prepared to testify that John Gotti ordered him to kill Garofalo for a variety of reasons. Moreover, Gravano will testify that he assembled a team to carry out the murder but he never told any of the participants the motive for the murder.

Thus—even assuming *arguendo* that the government can establish that Fama participated in the murder, which we do not concede—it is plain that the government cannot prove an essential element of the charged offense. We recognize that the Court's decision to detain Fama was based on factors in addition to the strength of the government's case. In light of the evidence before the Court, however, we respectfully submit that it would be unjust to continue to detain Fama based upon a charge that the government cannot possibly prove at trial.

We, therefore, we respectfully request that the Court release Fama on bail upon the terms previously proposed and any other conditions that the Court deems necessary.

Respectfully,


s/Seth Ginsberg

cc:   All Counsel

---

[1] The Gravano interview was conducted via telephone due to the logistical complexities entailed in an in person interview. It remains our intention, however, to interview Gravano face-to-face prior to trial.